**CUMMINS & WHITE, LLP**
Garrett M. Fahy (Bar No. 267103)
E-mail: gfahy@cwlawyers.com
Eric M. Khodadian (Bar No. 288146)
E-mail: ekhodadian@cwlawyers.com
Joshua Park (Bar No. 299572)
E-mail: jpark@cwlawyers.com
2424 S.E. Bristol Street, Suite 300
Newport Beach, CA 92660-0764
Telephone: (949) 852-1800
Fax: (949) 852-8510

Attorneys for Defendant
HILLSTONE RESTAURANT
GROUP, INC., doing business as
BANDERA CORONA DEL MAR

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| LORRIE HERMAN, an individual and successor in interest,<br><br>Plaintiff,<br><br>vs.<br><br>HILLSTONE RESTAURANT GROUP, INC., doing business as BANDERA CORONA DEL MAR; and DOES 1 through 100, inclusive,<br><br>Defendants,<br><br>-and-<br><br>RITA HERMAN, an individual; and AMY CARLSON, an individual,<br><br>Nominal Defendants. | CASE NO.: 8:25-cv-00002-JVS-KESx<br><br>Assigned to: Judge James V. Selna<br>Referred to: Magistrate Judge Karen E. Scott<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed: November 12, 2024<br>Trial Date:          June 9, 2026 |

1. **A. <u>PURPOSES AND LIMITATIONS</u>**

Disclosure and discovery activity in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (hereafter the "Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information, documents, or items that are entitled to confidential treatment under the applicable legal principles.

The Parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

The entry of this Order does not preclude any Party from seeking a further order of this Court as appropriate. Nothing herein shall be construed to affect in any manner the admissibility at trial or any other court proceeding of any document, testimony, or other evidence.

**B. <u>GOOD CAUSE STATEMENT</u>**

Good cause exists for entry of this Stipulated Protective Order because this action is likely to involve private or proprietary information, such as Defendants' confidential policies and procedures, competitively sensitive business information, customer records, and financial information, for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.

Based on information requested and the nature of the case, the Parties anticipate that they will disclose, produce, or exchange information, documents, and tangible things that reflect sensitive personal, financial, and/or proprietary

information, such as trade secrets (confidential business or financial information, information regarding confidential business practices, or other confidential research, development or commercial information, as well as estate planning documents of third parties). Private information of third parties may also be disclosed by the Parties. It is important that this information remain protected and not be readily available due to the dangers of identity theft, the constitutional privacy rights of third parties, and protection of business competition interests. The unrestricted or unprotected disclosure of such private, financial, and/or business information would result in prejudice or harm to the Producing Party and/or third parties by revealing their information, which could result in identity theft, loss of business, and/or violation of federal, state, and other privacy laws.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. **DEFINITIONS**

2.1    Action: *Lorrie Herman v. Hillstone Restaurant Group, Inc.,* Case No. 8:25-cv-00002.

2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

///

///

2.3     "CONFIDENTIAL" Information or Items:

1.      information, recorded, stored, or maintained for any reason in any medium, including but not limited to print, electronic, or digital, that the party designating the information as confidential (the "Designating Party") reasonably believes to fall within the following definition:

a)      Trade secret," as set forth in the Uniform Trade Secrets Act, meaning information, including a formula, pattern, compilation, program, device, method, technique, or process that:

i.      Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

ii.     Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

b)      Research, development, or commercial information that is of a highly competitively sensitive nature and that a reasonably prudent businessperson in the applicable field would not release to or share with the public in the ordinary course of business, and the release of which would likely cause proprietary, competitive, or economic harm.

c)      Personal information protected from disclosure under federal law, or where disclosure of that information would be highly offensive to a reasonable person and is not of legitimate public concern.

2.      Notwithstanding any other provision in this Protective Order, the Order shall not apply to information that is publicly available, including:

a)      information or material that, prior to disclosure, was public information or knowledge, including information obtained online by Plaintiff and her counsel's investigation which includes ingredients for menu items and also past menus used by Hillstone at its various restaurants to the extent the information

1  is publicly available or otherwise independently obtained without violation of this Order;

        b) information and material that were, or after designation became, public information or knowledge (other than by an act or omission of a Party or others subject to this Protective Order);

        c) information that is legitimately and independently acquired from a source not subject to this Protective Order, including information obtained online by Plaintiff and her counsel's investigation which includes ingredients for menu items and also past menus used by Hillstone at its various restaurants to the extent the information is publicly available or otherwise independently obtained without violation of this Order;

        d) information that has been widely disseminated (whether outside or within an organization or corporation), including information obtained online by Plaintiff and her counsel's investigation which includes ingredients for menu items and also past menus used by Hillstone at its various restaurants to the extent the information is publicly available or otherwise independently obtained without violation of this Order;

        e) Information that is publicly available or that has lost its commercial sensitivity, regardless of age;

        f) Non-party personal records, including but not limited to cell phone records and text messages, and information introduced as an exhibit at trial, shall not be subject to the restrictions of this Protective Order.

    2.4    <u>Counsel</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff), including OC Trial Group, APC, 29122 Rancho Viejo Road, Suite 211, San Juan Capistrano, CA 92675, Counsel for Plaintiff Lorrie Herman ("Plaintiff"); Cummins & White, LLP, 2424 S.E. Bristol Street, Suite 300, Newport Beach, CA 92660, Counsel for Defendant Hillstone Restaurant Group, Inc. dba Bandera Corona Del Mar ("Defendant").

2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party and includes support staff.

2.11 <u>Party</u>: any party to this Action, including all of its current officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14     Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. **DURATION**

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. See Kamakana, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

5. **ACKNOWLEDGMENT OF UNDER SEAL FILING PROCEDURE**

The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file

material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006), Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002), Makar-Welbon v. Sony Electrics, Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. See Pintos v. Pacific Creditors Ass'n., 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

5.  **DESIGNATING PROTECTED MATERIAL**

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6.2. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page

qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this

Order.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. In the absence of a Court-issued Scheduling Order to the contrary, there shall be no presumptive deadline to raise such challenges. A party's failure to raise a designation challenge promptly shall not be construed as acquiescence to the designation.

6.2     <u>Meet and Confer</u>. Before seeking Court intervention, the Challenging Party shall engage in the meet and confer process in good faith pursuant to Local Rule 37-1 et seq. The Designating Party must respond promptly and with specificity regarding the basis for the confidentiality designation.

6.3     Joint Stipulation or Motion. If the parties are unable to resolve the dispute informally, the challenge may be submitted to the Court via joint stipulation or, where appropriate, a noticed motion under Local Rule 37-2. The Court retains discretion to permit resolution by alternative means, particularly where the challenged material bears on public safety, health, or the core issues in dispute.

6.4     Burden of Proof. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such

Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Counsel in this Action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this Action

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff;

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses ,and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they

will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(j) any Party.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed

as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

### 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order apply to information produced by Non-Parties that is designated as "CONFIDENTIAL." Such information is subject to the protections of this Order. Nothing in this Order shall prevent a Party from obtaining discovery from a Non-Party pursuant to lawful process, nor shall it be interpreted as granting any automatic right to delay such discovery.

(b) If a Party receives a discovery request that calls for the production of information obtained from a Non-Party and designated as "CONFIDENTIAL," and the Party is subject to an existing confidentiality agreement with the Non-Party, the Party shall:

1. Promptly (within 5 calendar days) notify the Non-Party and the Requesting Party in writing that some or all of the information may be subject to a confidentiality agreement;

2. Provide the Non-Party with: (i) a copy of the discovery request(s), (ii) a copy of this Protective Order, and (iii) a description of the information at issue;

3. Inform the Non-Party that, unless it obtains a protective order from the court within 7 days, the information may be produced in accordance with this Protective Order.

(c) If the Non-Party does not file a motion for a protective order within 7 days of receiving notice, the Producing Party shall promptly produce the information responsive to the discovery request.

If the Non-Party timely seeks a protective order, the Producing Party shall not produce the information until the court resolves the motion. However, any such motion must be supported by specific facts showing that disclosure would cause undue

harm or violate a legally recognized privilege. The burden of seeking and justifying the protective order shall rest entirely with the Non-Party.

Nothing in this provision shall prevent the Requesting Party from seeking an order compelling production, nor shall it preclude the court from awarding reasonable fees and costs incurred due to any unjustified withholding of discovery.

10. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed material designated as Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party shall:

(a) Promptly notify the Designating Party in writing of the general circumstances of the disclosure;

(b) Take reasonable steps, proportionate to the nature and sensitivity of the information, to retrieve or restrict further dissemination of the disclosed material;

(c) Inform the person or persons to whom the information was inadvertently disclosed of the existence of this Protective Order; and

(d) Where appropriate, request that such person or persons sign the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A, unless doing so would interfere with counsel's duty to their client or with ongoing litigation activity.

Nothing in this section shall require the Receiving Party to take steps that are unreasonable or unduly burdensome, nor shall it preclude the Receiving Party from challenging the designation of the disclosed material as "CONFIDENTIAL" if the designation appears to have been made for strategic or improper purposes. In the event of a dispute over confidentiality, the material may be temporarily treated as protected until resolved by the court.

///

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12. MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

///

///

13. **FINAL DISPOSITION**

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2)affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. **VIOLATION**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

///
///
///
///
///

|   |   |
|---|---|
|   | Respectfully submitted, |
| Date: August 22, 2025 | OC TRIAL GROUP, APC |
|   | By: _____<br>Blaine M. Brown, Esq.<br>Attorney for Plaintiff<br>LORRIE HERMAN |
| Date: August 22, 2025 | CUMMINS & WHITE, LLP |
|   | By: _____<br>Garrett M. Fahy, Esq.<br>Eric M. Khodadian, Esq.<br>Joshua Park, Esq.<br>Attorney for Defendant<br>HILLSTONE RESTAURANT GROUP, INC., doing business as BANDERA CORONA DEL MAR |

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: August 28, 2025

_/s/ Karen E. Scott_____
HONORABLE KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _____ [*Lorrie Herman v. Hillstone Restaurant Group, Inc.,* Case No. 8:25-cv-00002 ]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of ___ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____